## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 1:21-cv-1153-JHR-KK

MARIO MUNIZ

    Plaintiff,

v.

PANDA EXPRESS, INC., a foreign corporation,
and JOHN DOES 1 through 3

    Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on December 30, 2021 via telephone and was attended by: Roger Smith for Plaintiff Mario Muniz ("Plaintiff") and Jared D. Najjar for Defendant Panda Express, Inc. ("Defendant").

### NATURE OF THE CASE

This premises liability lawsuit arises from Plaintiff's alleged slip-and-fall on December 18, 2020. Plaintiff contends that Defendant failed to exercise ordinary care to keep the premises safe. Defendant disputes Plaintiff's allegations.

### AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: Plaintiff intends to amend his complaint to add employees and managers present at the time of the slip and fall when their identities are known.

Plaintiff(s) should be allowed until May 1, 2022, to move to amend the pleadings and until May 1, 2022 to join additional parties in compliance with the requirements of Fed. R. Civ.P. 15(a).

Defendant intends to file: N/A.

Defendant should be allowed until May 15, 2022 to move to amend the pleadings and until May 15, 2022 to join additional parties in compliance with the requirements of Fed. R.Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties further stipulate and agree that the law governing this case is: New Mexico law.

## PLAINTIFF'S CONTENTIONS:

Plaintiff claims that he slipped and fell on ice that was formed outside one of the entryway doors to Defendant's restaurant on December 18, 2020. He further claims that he was exercising reasonable care for his own safety at the time and that the ice was not visible to him at the time of the fall. Defendant was negligent and breached it duty to plaintiff and others by failing to exercise reasonable care to keep its premises free from dangerous conditions, and by failing to warn of such conditions so that patrons could avoid them.

As a direct and proximate result of Defendant's negligence plaintiff has suffered extensive injury. His injuries include medical expenses, past and future pain and suffering, lost wages, and permanent impairment.

## DEFENDANT'S CONTENTIONS:

This lawsuit arises from an alleged slip-and-fall on December 18, 2020. Plaintiff contends he slipped on ice when exiting the premises located at 3601 Bosque Plaza Lane, Albuquerque, NM 87120. He further contends that Defendant "failed to inspect and maintain the property in a safe

condition, and placed a liquid substance, or allowed a liquid substance to remain on the property in conditions that would allow the substance to freeze and become slippery ice."

Plaintiff slipped as a result of his own comparative fault. Numerous other patrons traversed this area without incident. Further, Plaintiff himself traversed this area without issue as he entered the building, and therefore, he was on notice of any ice. Thus, one can assume that Plaintiff was not reasonably attentive as he traversed the area when exiting the building. Further, Plaintiff's injuries, if any, are not causally related to the alleged incident and are not consistent with his alleged mechanism of injury.

Any alleged damages should be reduced in proportion to Plaintiff's comparative fault. Further, Plaintiff's injuries and damages, if any, may have pre-existed the subject incident. Accordingly, any medical treatment and expenses may not have been reasonable, necessary, or incurred as a result of the conditions caused by the incident complained of in this lawsuit. Finally, Plaintiff may have failed to mitigate his damages, as is required by law, and is therefore, barred from recovery, in whole or in part, against Defendant.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan, utilizing both written discovery and depositions:

**Persons whom Plaintiff believes, at this time, will testify or be deposed:**

1. Mario Muniz
   c/o Roger I. Smith
   Smith Templeman Law Firm, LLC
   1306B Rio Grande Blvd. NW
   Albuquerque, NM 87104
   (505) 433-1583

   Mr. Muniz is the Plaintiff in this action, and it is expected that he has knowledge regarding how the incident occurred and the damages that he suffered as a result thereof.

2.        Lu Ortega-Shaw
Coca Cola Bottling of Santa Fe
660 W. San Mateo Rd.
Santa Fe, NM 87505
(505) 983-4612

Ms. Ortega-Shaw is the Director of Human Resources at Coca Cola Bottling, which is Plaintiff's employer. She has information concerning his lost wages, as well as his ability to perform the duties of his job before and after the slip and fall.

3.        The following medical providers:

    A.    Academy Orthopaedic Clinic, LLC
           8301 Span Rd. NE
           Albuquerque, NM 87109
           (505) 821-6663

    B.    ATI Physical Therapy
           6330 Rivreside Plaza Ln, Ste. 150
           Albuquerque, NM 87120
           (505) 312-7930

    C.    Christus St. Vincent's
           455 St. Michael's Dr.
           Santa Fe, NM 87505
           (505) 913-3361

    D.    NextCare New Mexico, LLC
           8201 Golf Course Rd. NW
           Albuquerque, NM 87120
           (505) 800-7030

    E.    New Mexico Orthopaedics
           2100 Louisiana NE, Suite 410
           Albuquerque, NM 87110
           (505) 338-9827

    F.    Therapy Solutions, LLC
           333 W. Cordova Rd.
           Santa Fe, NM 87505
           (505) 984-9101

    G.    X-Ray Associates of New Mexico
           102 Hospital Loop NE
           Albuquerque, NM 87109
           (505) 559-5740

        H.        Phillip C. Forno MD.
                 Christus St. Vincent's
                 2968 Rodeo Park Dr. W
                 Santa Fe, NM 87505
                 (505) 982-5014

Each of these medical providers have information concerning the injuries suffered by plaintiff as a result of the slip and fall. They also have information concerning the treatment rendered, and the cost of the treatment. They can also authenticate documents and testify as to the reasonableness and necessity of Plaintiff's treatment and the cost thereof.

**Documents Plaintiff believes will be exhibits at trial**

Plaintiff has made no decisions regarding exhibits, but expects that his medical bills, and records will be exhibits in this matter.

**Experts whom Plaintiff believes may testify at trial**

Plaintiff has made not decisions regarding expert witness in this matter, but expects that some or all of his treating doctors could offer expert testimony concerning his injuries, and his prognosis, as well as causation and the reasonableness and necessity of his treatment and the charges for said treatment.

**Persons Defendant believes, at this time, will either testify or be deposed:**

1. Mario Muniz, upon information and belief, Mr. Muniz is a resident of Albuquerque, New Mexico. Mr. Muniz is the Plaintiff in this matter and as such has discoverable information regarding the claims set forth in his Complaint, including, but not limited to, his observations at the scene of the incident, his conversations with witnesses, his medical history, as well as damages, injuries, treatment, and recovery.

2. Representatives of Panda Express, Inc., c/o Virtue & Najjar, PC. While investigation is ongoing and Defendant has not yet identified specific employees with substantive knowledge of the alleged incident, those employees on duty on the date of the alleged incident live in Albuquerque, New Mexico, upon information and belief. These individuals may have discoverable information regarding the claims set forth in Plaintiff's Complaint in this matter.

3. Plaintiff's medical providers who have information regarding his medical treatment and medical history, including, but not limited to, representatives from the following:

    a. Academy Orthopaedic Clinic, LLC
    b. ATI Physical Therapy
    c. Christus St. Vincent's

      d. NextCare New Mexico, LLC
      e. New Mexico Orthopaedics
      f. Therapy Solutions, LLC
      g. X-Ray Associates of New Mexico

4. Unknown family members and friends of Plaintiff, addresses and telephone numbers unknown. Unknown family members and friends of Plaintiff may have information regarding Plaintiff's medical history, conditions, symptoms and treatment. They may have information regarding interactions, telephone conversations and contacts with Plaintiff, other family members and/or other health care providers of Plaintiff. They may also have information regarding the allegations in this lawsuit and Plaintiff's claimed damages.

5. Unknown employers of Plaintiff, addresses and telephone numbers unknown. Unknown employers may have information regarding Plaintiff's employment and earnings history. They may also have information regarding the allegations in this lawsuit and Plaintiff's claimed economic damages.

6. Any and all health care providers identified in any other parties' disclosures.

7. Any and all additional health care providers whose identities become known through continuing discovery.

8. Any witnesses identified by the Plaintiff or any other party.

9. Any witnesses necessary for impeachment.

10. Any witnesses necessary for rebuttal.

11. Any witnesses necessary for authentication of any document or thing.

12. Any witness identified in any document listed below.

13. Defendant reserves the right to amend, supplement, and/or modify this list.

**Documents Defendant believes, at this time, will be exhibits at trial:**

Defendant has not made a determination regarding trial exhibits at this time. Defendant reserves the right to supplement this list.

**Experts who Defendant believes, at this time, will testify at trial:**

Defendant has not made a determination regarding expert witnesses at this time. Defendant reserves the right to supplement this list.

**Discovery will be needed on the following subjects:**

Defendant:

(1) Plaintiff's medical records and treatment history; (2) Plaintiff's background and employment history; (3) Alleged damages; (4) facts of the incident made the basis of this lawsuit.

Plaintiff:

Defendant's policies and procedures regarding the safety of its premises, the source of the liquid that iced over, and the store employees that were present at the time of the incident.

Maximum of _25_ interrogatories by each party to any other party. (Responses due _30_ days after service).

Maximum of _30_ requests for admission by each party to any other party. (Response due _30_ days after service).

Depositions: Each party shall be allowed to take no more than 10 depositions, not including experts. Treating physicians are considered "experts" for purposes of this Joint Status Report and not included in the deposition limitation.

Each deposition shall be limited to maximum of _6_ hours unless extended by agreement of the parties.

Each deposition shall be conducted in accordance with the Federal Rules of Civil Procedure.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by June 17, 2022.

from Defendants by July 18, 2022.

Supplementation under Rule 26(e) due 30 days after the receipt of additional information.

All discovery commenced in time to be complete by August 19, 2022.

## PRETRIAL MOTIONS

**Plaintiff intends to file:** Plaintiff intends to file a motion to amend his complaint to add additional parties, and will likely file motions in limine.

**Defendant intends to file:** At this time, the extent of Defendants' anticipated motions practice is not certain. However, Defendants will likely file the following, depending on information obtained in discovery: Motion for Summary Judgment; Motions in Limine; Other motions as necessary.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 3 days.

__X__ This is a non-jury case.

_____ This is a jury case.

The parties request a pretrial conference: 30 days before trial.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to the completion of initial discovery.

The parties request a settlement conference in: September 2022.

## APPROVED WITH/WITHOUT EXCEPTIONS

Respectfully submitted this 21st day of January, 2022.

    For Plaintiff

    *s/ Roger Smith*
    SMITH TEMPLEMAN LAW FIRM, LLC
    Roger I. Smith
    1306B Rio Grande Blvd. NW
    Albuquerque, NM 87104
    Phone: (505) 433-1583
    Fax: (505) 393-1778
    Email: roger@smithtempleman.com

For Defendant

**VIRTUE & NAJJAR, PC**

    *s/ Jared D. Najjar*
    Jared D. Najjar
    2200 Brothers Rd.
    Santa Fe, New Mexico 87505
    Phone: (505) 982-8514
    Fax: (505) 983-8304
    Email: jnajjar@virtuelaw.com

    **ATTORNEYS FOR PANDA EXPRESS, INC.**