IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARIO MUNIZ**,

    Plaintiff,

v.                                                      Civil Action No. 1:21-cv-1153-JHR-KK

**PANDA EXPRESS, INC**., a foreign corporation,
and **JOHN DOES 1 through 3**,

    Defendants.

## MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW Plaintiff, by and through his attorney of record, Smith Templeman Law Firm, LLC (Roger I. Smith), and for his Motion for Leave to Amend Complaint states as follows:

## PROCEDURAL HISTORY

The Plaintiff's proposed First Amended Complaint for Personal Injury is attached as **Exhibit 1**. Plaintiff originally filed this action in the Second Judicial District Court of New Mexico on November 1, 2021. [Doc. 1, Exhibit A]. As originally filed, the complaint contained allegations against John Does 1 through 3, and it described them as employees of Panda Express, Inc., and alleged negligence on their part. *Id*. Because Plaintiff did not then know the names of the John Doe Defendants, he served Interrogatories on Defendant Panda Express with the Complaint, which Interrogatories asked for the names of the employees working at the restaurant at the time of the incident. **Exhibit 2**. The Attorney for Defendant, Panda Express, Inc. was aware of the discovery requests served by Plaintiff, and he requested that they be re-served on him after the Scheduling Conference in this matter was held. **Exhibit 3**. On January 13, 2023,

Defendant provided Plaintiff with its Initial Disclosures which included a time sheet for the employees of the restaurant. **Exhibit 4.** The time sheet identified three team leaders, did not appear to address breaks, and included what appeared to be a shift of over thirteen (13) hours for one employee. *Id*. On January 21, 2023, the Joint Status Report in this case was filed, and it included a section that stated that Plaintiff intended to file a Motion to Amend to add the employee parties. [Doc. 10].

Plaintiff served his Discovery requests on Defendant, Panda Express, Inc. on February 2, 2022. [Doc. 16]. On March 4, 2022, Defendant Panda served its responses to Plaintiff's discovery requests, which responses confirmed the names of the employees of the restaurant who were working at the time of the incident forming the basis of Plaintiff's claim. [Doc. 18]. Based on Defendant, Panda Express Inc.'s responses Plaintiff believes that the employees that were likely responsible for the ensuring the safety of the premises at the time of the slip and fall were Cecille Gonzales (General Manager), Izek Lewis (Shift Leader), Jacob Garcia (Shift Leader), and Alexa Mendoza (Shift Leader). **Exhibit 5.** Plaintiff is aware that he had only anticipated three (3) John Does, rather than four (4), but he could not have known at the time the number of employees present at the time of the filing of his complaint in State Court. Plaintiff now seeks to replace the John Doe defendants with the employees, and to add one additional party. Defendant does not consent to this amendment.

## ARGUMENT

Where a party seeks to amend a complaint after a responsive pleading has been filed, plaintiff may only amend his complaint with Court approval or consent of the parties. Fed. R. Civ. P. 15 (a). Leave to amend is within the discretion of the Court, but it shall be freely given. *Id.* If, as in this case, a Party seeks to add additional parties after removal that would destroy

2

diversity, the Court should scrutinize the amendment more closely than where an ordinary amendment is sought. *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987). According to the Court in *Hensgens*, the court should weigh all relevant factors, including: the extent that the amendment is interposed to defeat Federal jurisdiction; whether the plaintiff has been dilatory in asking for the amendment: whether the plaintiff will be significantly injured if the amendment is not allowed; and any other factors bearing on the equities. *Id.*

In *Farley v. Wal-Mart Stores East, LP,* No. CIV 06-0282 RB/ACT (D.N.M. Aug. 14, 2006), the Court had before it almost the identical situation that is presented here. In that case, the Plaintiff had initially filed her complaint for negligence against Wal-Mart and John Does 1 through 10 in State Court. *Id.* The Defendant removed the case to Federal Court, and Plaintiff sought to amend her complaint to replace the John Doe Defendants once she learned through discovery of the names of the employees. *Id.* Plaintiff's motion to amend was brought within two weeks of learning of the names of the employees. *Id.*

The Court in *Farley*, relying on *Hensgens*, 833 F.2d at 1182, balanced the equities and concluded that the motion to amend should be granted, and it remanded the case back to State Court as diversity had been destroyed. *Id.* In balancing the factors outlined in *Hensgens*, *supra*, the *Farley* Court focused on the fact that the Plaintiff had been diligent in seeking to amend the complaint, and that it had been clear to all from the first filing of the complaint that she intended to make a claim against the Wal-Mart employees as she had made a direct negligence claim against them and sued them as John Does. *Id.* Therefore, there was no prejudice to the defendants. *Id.*

In the instant case, Plaintiff has diligently pursued the names of the employees so that he could replace them for the John Does that were named in his original complaint alleging direct

negligence against them. [Doc. 1]. He propounded interrogatories that were served on Defendant along with the complaint, which interrogatories requested the names of the Defendants that were present at the Panda Express restaurant at the time of the incident. **Exhibit 2**.  The timecard produced by Defendant raised questions regarding who was working and when, so Plaintiff waited for confirmation by way of Interrogatory answers. **Exhibit 4**.  As it is, Plaintiff has, like in *Farley*, filed his Motion for Leave to Amend his Complaint within a very short time of confirming of the employees' identities, and has filed it more than one (1) month before the deadline to amend or add parties that was set by the Court. [Doc. 12].  Moreover, just as was the case in *Farley*, Defendant has known from the beginning that Plaintiff intended to file his action against the employees.

In addition, given what has been learned to date, it would be prejudicial to Plaintiff to deny his Motion for Leave to Amend, and it provides a reason for Plaintiff to want to add the parties independent of destroying diversity.  In Defendant Panda Express, Inc.'s responses to Plaintiff's discovery requests, Defendant does not identify any of the employees that Plaintiff wishes to add as having been consulted for information in answering the Plaintiff's interrogatories, and states that it was not known how the ice that Plaintiff slipped on got on the ground outside the entrance to the restaurant. **Exhibit 6**.  If the individuals are named parties, Plaintiff will be able to learn more information from the individual defendants through Interrogatories without the additional expense of depositions, whereas this discovery vehicle will be unavailable if the individuals are not named.   Also, through a video received from Defendant on February 2, 2023, Plaintiff was able to learn that an employee was shown the hazard just after the fall, but he did nothing to remedy the hazard for almost fifteen (15) minutes.  Moreover, Defendant Panda Express has denied that it had a duty to keep its premises safe and had denied

that the ice outside its entrance was a dangerous condition. **Exhibit 7**. Defendants' apparent belief that it owed no duty to its customers to keep the restaurant safe raises the possibility that punitive damages should be warranted due to reckless disregard, which possibility can be better investigated with the individual defendants named as parties. *See, Farley*, supra.

In summary, Plaintiff has a reason independent of destroying diversity for wanting to name the individual defendants, he has been diligent is seeking their identities and seeking to add them, he will suffer prejudice if he is not allowed to name them, and Defendant will suffer no prejudice whatsoever by the granting of this motion. This case is almost identical to *Farley, supra*, and there is no reason for a different result.

WHEREFORE Plaintiff prays this Court grant his Motion for Leave to Amend Complaint, and for such other and further relief as this Court deems just and proper.

Respectfully submitted:

SMITH TEMPLEMAN LAW FIRM, LLC

*/s/ Roger I. Smith*
Roger I. Smith
Attorney for Plaintiff
1306B Rio Grande NW
Albuquerque, NM 87104
(505) 433-1583
(505) 393-1778 Fax
roger@smithtempleman.com

I hereby certify that a true and correct
copy of this pleading was caused to be
served on opposing counsel herein through
the CM/ECF filing system on this the 25th
day of March 2022

*/s/ Roger I. Smith*
Roger I. Smith