IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 1:21-cv-1153-JHR-KK

MARIO MUNIZ

    Plaintiff,

v.

PANDA EXPRESS, INC., a foreign corporation,
and JOHN DOES 1 through 3

    Defendants.

---

**ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

Defendant, Panda Express, Inc. ("Defendant") by and through undersigned counsel, and in accordance with the Federal Rules of Civil Procedure, hereby responds to Plaintiff's First Set of Requests for Admission, Interrogatories, and Requests for Production (the "Discovery Requests"), as follows:

**GENERAL OBJECTIONS**

1.    Defendant objects to the Discovery Requests to the extent they are vague or ambiguous, overbroad, unduly burdensome, or otherwise attempt to impose burdens on Defendant that are inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, the local rules of this Court, or any other applicable rule or statute. *Blake v. Blake*, 1985-NMCA-009, ¶ 15, 102 N.M. 354 ("Discovery should be denied if a request is speculative and discovery would amount to a mere 'fishing expedition.'"); *Archuleta v. Santa Fe Police Dept. ex rel. City of Santa Fe*, 2005-NMSC-006, ¶ 23, 137 N.M. 161 (noting "a party will not be required to respond to an overly broad discovery request unless adequate guidance exists as to what extent the request is not objectionable."); *see also Cabot v. Wal-Mart Stores, Inc.*, 2012 WL 592874, * 9 (D.N.M. 2012) ("[E]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.") (citing *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999)); *see also*, Fed. R. Civ. P. 26(B)(2)(c) (stating that the court shall limit discovery if it determines that "the discovery sought is unreasonable, cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive….").

Exhibit 5

interrogatory, please provide the position held at the time, the job title, and current contact information for each such employee.

**OBJECTION**: Defendant objects to this Interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. *See United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 70, 96 N.M. 155 (Discovery will be permitted unless the matters inquired into can have "no possible bearing upon," or are "clearly irrelevant" to the subject matter of the action.); *See also*, Fed. R. Civ. P. 26(B)(1).

Subject to, and without waiving this objection, Defendant states as follows: In accordance with the applicable ethical rules, neither Plaintiff nor any of his agents may contact any of Defendant's employees. All such communication must proceed through counsel for Defendant.

**ANSWER**: Please see the below list.

1. Cecille Gonzales; General Manager. (505) 620-3882.
2. Jacob Garcia; Shift Leader. (714) 574-0886.
3. Alexa Mendoza; Shift Leader. (505) 489-1737.
4. Victor Arreguin; Cook. (505) 331-7197.
5. Izek Lewis; Shift Leader. (505) 589-1340.
6. Luis Ornelas; Kitchen Staff. (505) 544-1764.

**INTERROGATORY NO. 20:** Please provide your understanding of the source of the liquid from which the ice formed that Plaintiff slipped and fell on in the exit area of the restaurant at the time of the incident forming the basis of this cause of action.

**OBJECTION**: Defendant objects to this Interrogatory to the extent that it improperly seeks purely legal conclusions. *See Diamond Shamrock Corp. v. Zinke & Trumbo,* Ltd., 791 F.2d 1416, 1428 (10th Cir. 1986) (Interrogatories are best employed in seeking answers to factual questions, as "legal conclusions are not proved, facts are.").

Subject to, and without waiving this objection, Defendant states as follows:

**ANSWER**: The source of the liquid, if any, is unknown. Defendant did not receive any complaints or notification from others regarding any liquid that could result in ice forming. Plaintiff did not slip and fall inside the premises, but rather alleges that he slipped outside the building in an area where customers routinely travel. To the extent any liquid was inadvertently spilled or placed on the ground by someone unrelated to Defendant, Defendant was unaware.